No. 51.—HENRY FAVOR, plaintiff in error, *vs.* RICHARD T. STOKES, defendant.

[1.] The plaintiff in execution may dismiss his levy on the appeal, notwithstanding he has confessed judgment against himself on the first trial.

Claim, in Troup Superior Court. Decided by Judge HILL, May Term, 1851.

An execution in favor of Richard T. Stokes, against James C. Richardson, was levied upon a lot of land, which was claimed by Henry Favor. On the first trial, the plaintiff in execution confessed a judgment and entered an appeal. The appeal bond was made payable to the defendant in execution; when the cause came on to be tried upon the appeal, counsel for claimant moved to dismiss the appeal, whereupon counsel for the plaintiff in *fi. fa.* moved to dismiss the levy before any decision had been made and recorded on the previous motion. The Court permitted the levy to be dismissed, and an order was taken to that effect.

To which decision counsel for claimant excepted.

JNO. L. STEPHENS and WILKES, for plaintiff in error.

BULL & TERRELL, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] We see no error in the Court in allowing the plaintiff in execution to dismiss his levy on the appeal, notwithstanding he had confessed judgment against himself on the first trial. *Attaway vs. Dyer and others,* 8 *Geo. R.* 184, has been cited in behalf of the plaintiff in error; but instead of being in his favor, we think it an authority against him.

The language of this Court in that case was, that " usually the plaintiff may dismiss his writ *whenever* he chooses. He is the only party seeking a remedy; he alone asks the aid and action of the Court, and if he sees fit to retire from the case and the Court, it is all the defendant can ask." Why is it not all the claimant can ask in the present case ?

Judgment affirmed.